UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-22277-KMM

FRANK JENKINS,

    Plaintiff,

v.

BCC FOOD HALL LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court on Plaintiff's Motion to Reopen Case; for Sanctions; and for Civil Contempt (ECF No. 14). This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, Chief United States District Judge for the Southern District of Florida (ECF No. 18). A hearing was held on the Motion on January 28, 2020. Upon consideration of the Motion, Defendant's Response in Opposition (ECF No. 16), Plaintiff's Reply (ECF No. 17), the arguments put forth at the hearing, the docket and being otherwise duly apprised in the circumstances, the undersigned **RECOMMENDS** that Plaintiff's Motion be **DENIED** as follows.

    **I.**    **BACKGROUND**

Plaintiff filed suit against Defendant on June 2, 2020, for violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*, after he was terminated from his employment, allegedly without sufficient notice (ECF No. 1). On December 4, 2020, a Joint Notice of Settlement was filed by Plaintiff (ECF No. 12). The following business day, the Court issued a Notice of Court Practice Upon Notice of Settlement in which the Court directed the

Parties to "file a stipulation of dismissal of all claims signed by all parties pursuant to Rule 41(a), Fed. R. Civ. P., within twenty (20) days" (ECF No. 13). The Court's Notice warned that "[i]f such papers are not filed within the time specified, this matter will be DISMISSED and the Court will be divested of jurisdiction to enforce the settlement agreement" (*id.*).

Three days later, Plaintiff filed the instant Motion, claiming that the Parties had orally agreed to a settlement on October 29th, but as of December 10th Defendant had not performed under the settlement or given Plaintiff any assurance that it would comply despite multiple emails and phone calls from Plaintiff's counsel. Plaintiff avers that Defendant should be held in contempt "not because Defendant has not complied with the settlement agreement" but "because Defendant clearly intentionally misled Plaintiff in order to gain an advantage in this litigation" (ECF No. 14 at 4). Plaintiff also asks that the Court use its inherent power to impose as a sanction "all attorneys' fees expended since Defendant misled Plaintiff with its settlement agreement on October 29, 2020 together with such fines as the Court may deem proper" (*id.*). Plaintiff additionally requested that the Court enter an "Order to Show Cause Why Civil Contempt Should Not Be Entered and, thereafter, fine BCC Food Hall, LLC between $1,000 and $5,000 for each day that it misled Plaintiff" (*id.* at 2).

The following day, the Court entered an Order to Show Cause, requiring Defendant to respond and show cause as to why the Court should not reopen the case and sanction Defendant (ECF No. 15). Defendant timely responded and informed the Court that Defendant had since paid the agreed upon settlement amount to Plaintiff (ECF No. 16 at 1-2). Defendant's Response argued that no facts have been put forth to give the Court a basis to hold Defendants in contempt, nor has Plaintiff provided evidence of bad faith necessary for the Court to sanction Defendant.

In Reply, Plaintiff acknowledged receipt of the settlement funds but not the executed settlement agreement, and while Plaintiff's Reply does not request that Defendant be held in contempt, Plaintiff still avers that the Court should use its inherent authority to sanction Defendant (ECF No. 17).

## II.   DISCUSSION

A party moving for sanctions under a court's inherent authority must make a showing of subjective bad faith. *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020) (citing *Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018)); *see also Barash v. Kates*, 585 F. Supp. 2d 1347, 1364 (S.D. Fla. 2006) ("The key to unlocking the inherent power of the Court is a finding of bad faith."). "This standard can be met either (1) with direct evidence of the attorney's subjective bad faith or (2) with evidence of conduct 'so egregious that it could only be committed in bad faith.' Evidence of recklessness alone won't suffice." *Hyde*, 962 F.3d at 1310 (citing *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1224-25 (11th Cir. 2017)).

Plaintiff has made no such showing. No evidence has been adduced to show subjective bad faith or egregious conduct. Pursuant to the record, Plaintiff was paid the agreed settlement amount just twelve (12) days after the Court was notified of the settlement. While Plaintiff claims that a settlement was reached back in late October and that Defendant has still not signed the settlement agreement, no evidence has been presented to the Court that shows a timeframe in which Defendant agreed to act, or even what actions Defendant agreed to take. The fact that Plaintiff reached out to Defendant numerous times regarding the settlement agreement does not rise to the level of bad faith necessary to unlock the Court's inherit authority.

As to Plaintiff's claim that Defendant has still not executed a settlement agreement, to the extent that Plaintiff seeks the Court's intervention, this must be done by way of a separate motion

to enforce settlement. However, a stipulation of settlement was never filed within the 20 days as required by the Court's December 7, 2020 Notice (ECF No. 13). As the Notice makes clear, if such a stipulation was not filed within the said timeframe, the case would be dismissed and the Court be "divested of jurisdiction to enforce the settlement agreement" (*id*.). While an official order of dismissal has yet to be entered, federal courts are courts of limited jurisdiction and it is "to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

### III.     RECOMMENDATIONS

For the forgoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion to Reopen Case; for Sanctions; and for Civil Contempt (ECF No. 14) be **DENIED** and that the action be **DISMISSED** with prejudice.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, Chief United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers this on this 1st day of February, 2021.

_____
**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**